IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**TERESA MACY**,

        Plaintiff

    v.

**MICHAEL J. ASTRUE**,
Commissioner of Social Security,

        Defendant.

Civil No. 09-759-MO

**OPINION AND ORDER**

**MOSMAN, J.,**

Plaintiff Teresa Macy ("Macy") challenges the Commissioner's decision finding her not disabled and denying her application for Disability Insurance Benefits ("DIB"). I have jurisdiction under 42 U.S.C. § 405(g). For the following reasons, the Commissioner's decision is REVERSED and REMANDED for further proceedings.

This court finds the ALJ's credibility analysis adequately based upon the correct legal standards and AFFIRMS the ALJ's finding that Ms. Macy is not credible. Upon remand, the ALJ may modify these findings.

The ALJ improperly rejected the lay testimony and failed to make clear findings regarding Dr. Ellison's opinion and Ms. Macy's standing and walking limitations. This court cannot now rely upon reasoning the ALJ did not articulate. *Bray v. Astrue*, 554 F.3d 1219, 1225-26 (9th Cir. 2009). The matter is therefore remanded for further proceedings.

The ALJ was justified in calling a vocational expert in this case because Ms. Macy's limitations may be imperfectly reflected by the medical-vocational guidelines. *Tackett v. Apfel*, 180 F.3d 1094, 1102 (9th Cir. 1999) (reaffirmed by *Bray*, 554 F.3d at 1223 n4); Soc. Sec. Ruling 83-12 at *3 (available at 1983 WL 31253). Because the ALJ was justified in relying upon a vocational expert in such a circumstance, the ALJ was not obliged to rely upon the Commissioner's medical-vocational guidelines regarding light and sedentary work. *Id.*

Upon remand the ALJ will properly address Mr. Macy's testimony and Dr. Ellison's opinion and make any necessary changes to Ms. Macy's RFC. Once that evidence is addressed, the ALJ must reassess Ms. Macy's RFC. If the Commissioner's medical-vocational guidelines accurately describe Ms. Macy's limitations, the ALJ should rely upon these regulatory guidelines. *Id.* If they do not, the ALJ should solicit fresh testimony from the vocational expert. *Id.* If this

occurs, the ALJ must also determine whether the vocational expert's testimony is consistent with the *Dictionary of Occupational Titles* before proceeding to step five in the sequential disability analysis.

IT IS SO ORDERED.

Dated this   23rd   day of September, 2010.

/s/ Michael W. Mosman
Michael W. Mosman
United States District Judge